**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

DAYAL FAMILY LLC,

Plaintiff,

v.

MICROSOFT CORPORATION,

Defendant.

Civil Action No. 2:26-cv-00805-JRG

**JURY TRIAL DEMANDED**

**DEFENDANT MICROSOFT CORPORATION'S ANSWER TO PLAINTIFF DAYAL FAMILY LLC'S COMPLAINT FOR PATENT INFRINGEMENT**

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant Microsoft Corporation ("Microsoft") hereby responds to the Original Complaint for Patent Infringement (the "Complaint," Dkt. 1) of Plaintiff Dayal Family LLC ("Plaintiff"). Microsoft denies each and every allegation contained in the Complaint unless expressly admitted herein. Microsoft denies all of Plaintiff's infringement allegations. Any factual allegation below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that are alleged or suggested to follow from the admitted facts. Microsoft also denies that Plaintiff is entitled to the relief requested or any other relief.

**THE PARTIES**

1. Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 1 of the Complaint, and on that basis denies them.

2. Admitted.

3. Admitted.

## JURISDICTION AND VENUE

4. Microsoft admits that the Court has subject matter jurisdiction over claims arising under the patent laws of the United States pursuant to 28 U.S.C. §§ 1331 and 1338(a). Microsoft denies the remaining allegations in paragraph 4 of the Complaint.

5. For purposes of this action only, Microsoft does not contest specific personal jurisdiction.

6. Microsoft admits that it conducts business throughout the United States, including in Texas, and that it generates revenue from its business. Microsoft also admits that it has data centers in multiple jurisdictions in the United States, including in Texas, from which customers may access services. Microsoft denies the remaining allegations in paragraph 6 of the Complaint.

7. For purposes of this action only, Microsoft does not contest venue, but it denies that venue is convenient. Microsoft denies that it has committed any acts of infringement in this District, in the State of Texas, or elsewhere. Microsoft denies the remaining allegations in paragraph 7 of the Complaint.

8. Microsoft admits that a search of Collin or Denton County assessor records can return property associated with Microsoft. Microsoft denies the remaining allegations in paragraph 8 of the Complaint.

9. Microsoft admits that its Azure Content Delivery Network has a point of presence ("POP") located in Plano, Texas. Microsoft denies the remaining allegations in paragraph 9 of the Complaint.

10. Microsoft admits that it has facilities in Austin, Houston, Irving, and San Antonio, all of which are outside this District, and that it employs people in Texas. Microsoft denies the remaining allegations in paragraph 10 of the Complaint.

11. Denied.

12. Denied.

13. Denied.

14. Microsoft admits that the Collin County website lists property accounts in Microsoft's name. Microsoft denies the remaining allegations in paragraph 14 of the Complaint.

**THE ASSERTED PATENTS**

15. Microsoft admits that Exhibits A and B to the Complaint are copies of U.S. Patent No. 12,039,258 ("the '258 patent") and U.S. Patent No. 12,541,642 ("the '642 patent"), and that Dayal Family LLC is listed as the assignee on the face of each patent. Microsoft lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 15 of the Complaint, and on that basis denies them.

16. To the extent a response is required, Microsoft denies the allegations in paragraph 16 of the Complaint.

17. Microsoft admits that the records of the United States Patent and Trademark Office reflect an assignment from Sandeep Dayal to Dayal Family LLC. Microsoft lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 17 of the Complaint, and on that basis denies them.

18. Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 18 of the Complaint, and on that basis denies them.

19. Microsoft admits that the face of the '258 patent indicates that it issued on July 16, 2024, and that the face of the '642 patent indicates that it issued on February 3, 2026. Microsoft denies the remaining allegations in paragraph 19 of the Complaint.

20. Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 20 of the Complaint, and on that basis denies them.

21. Microsoft admits that the ’642 patent states that it is a continuation of the application that issued as the ’258 patent. Microsoft denies the remaining allegations in paragraph 21 of the Complaint.

22. Microsoft admits, for as long as Excel has been offered to customers, including through today, that a formula in a spreadsheet can be long and complicated and can result in errors, which may also take time to debug. Microsoft denies the remaining allegations in paragraph 22 of the Complaint.

23. Microsoft admits that spreadsheets can be exchanged amongst users, and that the ability to modify them is useful. Microsoft denies the remaining allegations contained in paragraph 23 of the Complaint.

24. Microsoft admits that the ability to read and write formulas is useful and can reduce the chance of errors. Microsoft denies the remaining allegations in paragraph 24 of the Complaint.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Microsoft admits that the Complaint alleges infringement by Microsoft. Microsoft denies the remaining allegations in paragraph 30 of the Complaint.

31. Microsoft admits that U.S. Patent Publication No. 2025/0094697 was listed as cited by the Examiner during prosecution of the application that issued as U.S. Patent No. 12,769,933. Microsoft also admits that during prosecution of the application that issued as U.S. Patent No. 12,619,816, the ’258 patent was cited by the Examiner. Microsoft denies the remaining allegations

in paragraph 31 of the Complaint.

32. Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 32 of the Complaint, and on that basis denies them.

33. Denied.

34. Denied.

35. It is unclear what is meant by paragraph 35 of the Complaint, and on that basis the allegation is denied.

**COUNT I: DIRECT INFRINGEMENT OF THE ’642 PATENT**

36. Microsoft incorporates by reference its responses to paragraphs 1–35 of the Complaint.

37. Denied.

38. Denied.

39. Microsoft admits that it makes, uses, sells, and offers to sell Microsoft Excel. Microsoft denies the remaining allegations in paragraph 39 of the Complaint.

40. Microsoft admits that it has servers with software on them that can help its customers use Excel. Microsoft denies any remaining allegations in paragraph 40 of the Complaint.

41. Microsoft admits that Microsoft Excel is a computer program and that Microsoft Excel may be stored on non-transitory computer-readable media. Microsoft denies any remaining allegations in paragraph 41 of the Complaint.

42. Microsoft admits that Excel can be installed on an end-user’s desktop computer and used as a web-based application. Microsoft denies the remaining allegations in paragraph 42 of the Complaint.

43. Microsoft admits that Excel has program code that can be executed on an end-user’s

computer to implement spreadsheet functionality. Microsoft denies the remaining allegations in paragraph 43 of the Complaint.

44. Microsoft admits that Microsoft Excel is a spreadsheet application, which can process data. Microsoft denies the remaining allegations in paragraph 44 of the Complaint.

45. Microsoft admits that Microsoft Excel is an electronic spreadsheet program. Microsoft denies the remaining allegations in paragraph 45 of the Complaint.

46. Microsoft admits that Microsoft Excel worksheets contain a plurality of cells. Microsoft denies the remaining allegations in paragraph 46 of the Complaint.

47. Microsoft admits that cells in Microsoft Excel may contain formulas. Microsoft denies the remaining allegations in paragraph 47 of the Complaint.

48. Admitted.

49. Microsoft admits that the formula "=PI()*A2^2" contains a function, a reference, operators, and a constant. Microsoft denies the remaining allegations in paragraph 49 of the Complaint.

50. Microsoft admits that Excel, when run, can process a formula to identify elements in it. Microsoft denies the remaining allegations in paragraph 50 of the Complaint.

51. Microsoft admits that Excel supports a function called LET. Microsoft denies the remaining allegations in paragraph 51 of the Complaint.

52. Microsoft admits that Microsoft Excel offers many functions. It is unclear what is meant by the remaining allegations in paragraph 52 of the Complaint, which Microsoft denies.

53. Microsoft admits that Microsoft Excel evaluates formulas entered in cells, including the LET function. Microsoft denies the remaining allegations in paragraph 53 of the Complaint.

54. Microsoft admits that LET is the name of a function in Excel. Microsoft denies the remaining allegations in paragraph 54 of the Complaint.

55. Microsoft admits that a formula in Microsoft Excel may include the LET function. Microsoft denies the remaining allegations in paragraph 55 of the Complaint.

56. Microsoft admits that Example 2 speaks for itself. Microsoft denies the remaining allegations in paragraph 56 of the Complaint.

57. Microsoft admits that the LET function operates to perform the mathematical function known as substitution. Microsoft denies the remaining allegations in paragraph 57 of the Complaint.

58. Denied.

59. Microsoft admits that Example 2 speaks for itself. Microsoft denies the remaining allegations in paragraph 59 of the Complaint.

60. Microsoft admits that paragraph 60 of the Complaint appears to cite a Microsoft webpage titled "LET function," a corresponding web address, and a screenshot thereof. Microsoft denies the remaining allegations in paragraph 60 of the Complaint.

61. Microsoft admits that the example speaks for itself and shows the function of substitution. Microsoft denies the remaining allegations in paragraph 61 of the Complaint.

62. Microsoft admits that the LET function can be used to perform substitution. Microsoft denies the remaining allegations in paragraph 62 of the Complaint.

63. Microsoft admits that paragraph 63 of the Complaint appears to cite a Microsoft webpage titled "LET function," with an example. Microsoft denies the remaining allegations in paragraph 63 of the Complaint.

64. Microsoft admits that paragraph 64 of the Complaint appears to cite a Microsoft

webpage titled “LET function,” with another example. Microsoft denies the remaining allegations in paragraph 64 of the Complaint.

65. Microsoft admits that, in the example, 5 is substituted for x. Microsoft denies the remaining allegations in paragraph 65 of the Complaint.

66. Microsoft admits that, in the example, 5 is substituted for x and that 5+1 is 6. Microsoft denies the remaining allegations in paragraph 66 of the Complaint.

67. Denied.

68. Microsoft admits that paragraph 68 of the Complaint appears to cite a Microsoft webpage titled “LET function,” a corresponding web address, and a partial quotation thereof, and that the webpage contains the quoted sentences. Microsoft denies the remaining allegations in paragraph 68 of the Complaint.

69. Denied.

70. Microsoft admits that x can be used for substitution in other cells. Microsoft denies the remaining allegations contained in paragraph 70 of the Complaint.

71. Microsoft admits that the LET function may, but need not, include references to other cells, and that the formula identified as Example 2 speaks for itself. Microsoft denies the remaining allegations in paragraph 71 of the Complaint.

72. Denied.

73. Denied.

74. Microsoft admits that claim 15 of the ’642 patent depends from claim 10 of the ’642 patent. Microsoft denies the remaining allegations in paragraph 74 of the Complaint.

75. Microsoft admits that Microsoft Excel permits a user to copy a formula from one cell and paste it into another cell. Microsoft denies the remaining allegations in paragraph 75 of

the Complaint.

76. Microsoft admits that paragraph 76 of the Complaint appears to cite a Microsoft webpage titled "Switch between relative and absolute references," a corresponding web address, and a screenshot thereof. Microsoft denies the remaining allegations in paragraph 76 of the Complaint.

77. Denied.

78. Denied.

79. Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 79 of the Complaint, so they are denied.

80. Denied.

81. Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 81 of the Complaint, and on that basis denies them.

82. Microsoft denies the allegations in paragraph 82 of the Complaint.

**COUNT II: INDIRECT INFRINGEMENT OF THE '642 PATENT**

83. Microsoft incorporates by reference its responses to paragraphs 1–82 of the Complaint.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Microsoft incorporates its responses to paragraphs 41–46 of the Complaint in their entirety. Microsoft denies any remaining allegations in paragraph 88 of the Complaint.

89. Microsoft incorporates its responses to paragraphs 47–54 of the Complaint in their entirety. Microsoft denies any remaining allegations in paragraph 89 of the Complaint.

90. Microsoft incorporates its responses to paragraphs 55–59 of the Complaint in their entirety. Microsoft denies any remaining allegations in paragraph 90 of the Complaint.

91. Microsoft incorporates its responses to paragraphs 60–61 of the Complaint in their entirety. Microsoft denies the remaining allegations in paragraph 91 of the Complaint.

92. Microsoft incorporates its responses to paragraphs 62–70 of the Complaint in their entirety. Microsoft denies the remaining allegations in paragraph 92 of the Complaint.

93. Microsoft incorporates its responses to paragraphs 71–73 of the Complaint in their entirety. Microsoft denies any remaining allegations in paragraph 93 of the Complaint.

94. Microsoft admits that a user's computer is a computing device. Microsoft denies any remaining allegations in paragraph 94 of the Complaint.

95. Microsoft admits that computing devices generally contain a processor. Microsoft denies any remaining allegations in paragraph 95 of the Complaint.

96. Microsoft admits that computing devices generally contain memory. Microsoft denies any remaining allegations in paragraph 96 of the Complaint.

97. Microsoft incorporates its responses to paragraphs 41–46 of the Complaint in their entirety. Microsoft denies any remaining allegations in paragraph 97 of the Complaint.

98. Microsoft incorporates its responses to paragraphs 47–54 of the Complaint in their entirety. Microsoft denies any remaining allegations in paragraph 98 of the Complaint.

99. Microsoft incorporates its responses to paragraphs 55–59 of the Complaint in their entirety. Microsoft denies any remaining allegations in paragraph 99 of the Complaint.

100. Microsoft incorporates its responses to paragraphs 60–61 of the Complaint in their entirety. Microsoft denies any remaining allegations in paragraph 100 of the Complaint.

101. Microsoft incorporates its responses to paragraphs 62–70 of the Complaint in their

entirety. Microsoft denies any remaining allegations in paragraph 101 of the Complaint.

102. Microsoft incorporates its responses to paragraphs 71–73 of the Complaint in their entirety. Microsoft denies any remaining allegations in paragraph 102 of the Complaint.

103. Denied.

104. Microsoft admits that Excel is available to its customers to download from a server and can be used as a desktop application and through a web browser on an end-user's computer. Microsoft denies any remaining allegations in paragraph 104 of the Complaint.

105. Microsoft admits that Excel has been available to install from physical media. Microsoft denies any remaining allegations in paragraph 105 of the Complaint.

106. Denied.

107. Microsoft admits that it publishes support documentation describing the LET function. Microsoft denies any remaining allegations in paragraph 107 of the Complaint.

108. Denied.

109. Denied.

110. Denied.

**COUNT III: DIRECT INFRINGEMENT OF THE '258 PATENT**

111. Microsoft incorporates by reference its responses to paragraphs 1–110 of the Complaint.

112. Denied.

113. Denied.

114. Microsoft repeats and incorporates its response to paragraph 39 of the Complaint here in its entirety. Microsoft denies any remaining allegations in paragraph 114 of the Complaint.

115. Microsoft repeats and incorporates its response to paragraph 40 of the Complaint here in its entirety. Microsoft denies any remaining allegations in paragraph 115 of the Complaint.

116. Microsoft repeats and incorporates its responses to paragraphs 41 and 42 of the Complaint here in their entirety. Microsoft denies any remaining allegations in paragraph 116 of the Complaint.

117. Microsoft repeats and incorporates its response to paragraph 43 of the Complaint here in its entirety. Microsoft denies any remaining allegations in paragraph 117 of the Complaint.

118. Microsoft repeats and incorporates its response to paragraph 44 of the Complaint here in its entirety. Microsoft denies any remaining allegations in paragraph 118 of the Complaint.

119. Microsoft repeats and incorporates its response to paragraph 45 of the Complaint here in its entirety. Microsoft denies any remaining allegations in paragraph 119 of the Complaint.

120. Microsoft repeats and incorporates its response to paragraph 46 of the Complaint here in its entirety. Microsoft denies any remaining allegations in paragraph 120 of the Complaint.

121. Microsoft repeats and incorporates its response to paragraph 47 of the Complaint here in its entirety. Microsoft denies any remaining allegations in paragraph 121 of the Complaint.

122. Admitted.

123. Microsoft repeats and incorporates its response to paragraph 49 of the Complaint here in its entirety. Microsoft denies any remaining allegations in paragraph 123 of the Complaint.

124. Microsoft repeats and incorporates its response to paragraph 50 of the Complaint here in its entirety. Microsoft denies any remaining allegations in paragraph 124 of the Complaint.

125. Microsoft repeats and incorporates its response to paragraph 51 of the Complaint here in its entirety. Microsoft denies any remaining allegations in paragraph 125 of the Complaint.

126. Microsoft repeats and incorporates its response to paragraph 52 of the Complaint here in its entirety. Microsoft denies any remaining allegations in paragraph 126 of the Complaint.

127. Microsoft repeats and incorporates its response to paragraph 53 of the Complaint

here in its entirety. Microsoft denies any remaining allegations in paragraph 127 of the Complaint.

128. Microsoft repeats and incorporates its response to paragraph 54 of the Complaint here in its entirety. Microsoft denies any remaining allegations in paragraph 128 of the Complaint.

129. It is unclear what is being alleged in paragraph 129 of the Complaint. If Plaintiff intended to assert that the LET function can occur anywhere in a formula, that assertion is denied. Microsoft denies any remaining allegations in paragraph 129 of the Complaint.

130. Microsoft admits that the LET function can be used for substitution. Microsoft denies any remaining allegations in paragraph 130 of the Complaint.

131. Microsoft repeats and incorporates its response to paragraph 56 of the Complaint here in its entirety. Microsoft denies any remaining allegations in paragraph 131 of the Complaint.

132. Microsoft repeats and incorporates its response to paragraph 57 of the Complaint here in its entirety. Microsoft denies any remaining allegations in paragraph 132 of the Complaint.

133. It is unclear what is being alleged in paragraph 133 of the Complaint. Microsoft denies the allegations in paragraph 133 of the Complaint.

134. It is unclear what is being alleged in paragraph 134 of the Complaint. The example speaks for itself. Microsoft denies any remaining allegations in paragraph 134 of the Complaint.

135. It is unclear what is being alleged in paragraph 135 of the Complaint. The example speaks for itself. Microsoft denies any remaining allegations in paragraph 135 of the Complaint.

136. It is unclear what is being alleged in paragraph 136 of the Complaint. The example speaks for itself. Microsoft denies any remaining allegations in paragraph 136 of the Complaint.

137. Microsoft repeats and incorporates its response to paragraph 60 of the Complaint here in its entirety. Microsoft denies any remaining allegations in paragraph 137 of the Complaint.

138. It is unclear what is being alleged in paragraph 138 of the Complaint. Microsoft

admits that the LET function permits a user to substitute a value for a name. Microsoft denies any remaining allegations in paragraph 138 of the Complaint.

139. Microsoft repeats and incorporates its response to paragraph 64 of the Complaint here in its entirety. Microsoft denies any remaining allegations in paragraph 139 of the Complaint.

140. It is unclear what is being alleged in paragraph 140 of the Complaint. Microsoft admits that the LET function can be used to perform the function of substitution. Microsoft denies any remaining allegations in paragraph 140 of the Complaint.

141. It is unclear what is being alleged in paragraph 141 of the Complaint. Microsoft admits that if a user uses the LET function to substitute the value 5 for x in the expression x+1, the result of the formula is 6. Microsoft denies any remaining allegations in paragraph 141 of the Complaint.

142. Microsoft admits that the LET function may be entered in a cell. Microsoft denies any remaining allegations in paragraph 142 of the Complaint.

143. Microsoft repeats and incorporates its response to paragraph 68 of the Complaint here in its entirety. Microsoft denies any remaining allegations in paragraph 143 of the Complaint.

144. Denied.

145. Denied.

146. Denied.

147. Microsoft repeats and incorporates its response to paragraph 81 of the Complaint here in its entirety. Microsoft denies any remaining allegations in paragraph 147 of the Complaint.

148. Denied.

**COUNT IV: INDIRECT INFRINGEMENT OF THE ’258 PATENT**

149. Microsoft incorporates by reference its responses to paragraphs 1–148 of the Complaint in their entirety.

150. Denied.

151. Denied.

152. Denied.

153. Denied.

154. Microsoft repeats and incorporates its responses to paragraphs 116–120 of the Complaint here in their entirety. Microsoft denies any remaining allegations in paragraph 154 of the Complaint.

155. Microsoft repeats and incorporates its responses to paragraphs 121–132 of the Complaint here in their entirety. Microsoft denies any remaining allegations in paragraph 155 of the Complaint.

156. Microsoft repeats and incorporates its responses to paragraphs 133–136 of the Complaint here in their entirety. Microsoft denies any remaining allegations in paragraph 156 of the Complaint.

157. Microsoft repeats and incorporates its response to paragraph 137 of the Complaint here in its entirety. Microsoft denies any remaining allegations in paragraph 157 of the Complaint.

158. Microsoft repeats and incorporates its responses to paragraphs 138–141 of the Complaint here in their entirety. Microsoft denies any remaining allegations in paragraph 158 of the Complaint.

159. Microsoft repeats and incorporates its responses to paragraphs 142–145 of the Complaint here in their entirety. Microsoft denies any remaining allegations in paragraph 159 of the Complaint.

160. Microsoft admits that claim 3 of the ’258 patent depends from claim 1 and has additional claim language. Microsoft denies any remaining allegations in paragraph 160 of the

Complaint.

161. Microsoft admits that Microsoft Excel permits a user to copy a formula from one cell and paste it into another cell. Microsoft denies any remaining allegations in paragraph 161 of the Complaint.

162. Microsoft repeats and incorporates its response to paragraph 76 of the Complaint here in its entirety. It is also unclear what is alleged in paragraph 162 of the Complaint. Microsoft admits that a formula can be copied from cell to cell in Excel, and that a formula can include the LET function. Microsoft admits that the formula may or may not be modified when copied from one cell to another. Microsoft denies any remaining allegations in paragraph 162 of the Complaint.

163. Denied.

164. Denied.

165. Microsoft repeats and incorporates its response to paragraph 94 of the Complaint here in its entirety. Microsoft denies any remaining allegations in paragraph 165 of the Complaint.

166. Microsoft repeats and incorporates its response to paragraph 95 of the Complaint here in its entirety. Microsoft denies any remaining allegations in paragraph 166 of the Complaint.

167. Microsoft repeats and incorporates its responses to paragraphs 96 and 97 of the Complaint here in their entirety. Microsoft denies any remaining allegations in paragraph 167 of the Complaint.

168. Microsoft repeats and incorporates its responses to paragraphs 121–132 of the Complaint here in their entirety. Microsoft denies any remaining allegations in paragraph 168 of the Complaint.

169. Microsoft repeats and incorporates its responses to paragraphs 133–136 of the Complaint here in their entirety. Microsoft denies any remaining allegations in paragraph 169 of

the Complaint.

170. Microsoft repeats and incorporates its response to paragraph 137 of the Complaint here in its entirety. Microsoft denies any remaining allegations in paragraph 170 of the Complaint.

171. It is unclear why Plaintiff refers to claim 1 here. Microsoft repeats and incorporates its responses to paragraphs 138–141 of the Complaint here in their entirety. Microsoft denies any remaining allegations in paragraph 171 of the Complaint.

172. It is unclear why Plaintiff refers to claim 1 here. Microsoft repeats and incorporates its responses to paragraphs 142–145 of the Complaint here in their entirety. Microsoft denies any remaining allegations in paragraph 172 of the Complaint.

173. Denied.

174. Microsoft repeats and incorporates its response to paragraph 104 of the Complaint here in its entirety. Microsoft denies any remaining allegations in paragraph 174 of the Complaint.

175. Microsoft repeats and incorporates its response to paragraph 105 of the Complaint here in its entirety. Microsoft denies any remaining allegations in paragraph 175 of the Complaint.

176. Denied.

177. Microsoft repeats and incorporates its response to paragraph 107 of the Complaint here in its entirety. Microsoft denies any remaining allegations in paragraph 177 of the Complaint.

178. Denied.

179. Denied.

180. Denied.

**COUNT V: WILLFUL INFRINGEMENT**

181. Microsoft incorporates by reference its responses to paragraphs 1–180 of the Complaint.

182. Microsoft admits that it learned of the alleged infringement of the Asserted Patents

after Plaintiff's Complaint was filed. Microsoft denies any remaining allegations in paragraph 182 of the Complaint.

183. Denied.

184. Denied.

## RESPONSE TO DEMAND FOR JURY TRIAL

No response is required. To the extent one is deemed necessary, Microsoft also demands a jury trial on all issues in this action so triable.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

Microsoft denies the underlying allegations of Plaintiff's Prayer for Relief against Microsoft, denies that Plaintiff is entitled to any relief whatsoever, and requests that the Court deny all relief to Plaintiff, enter judgment in favor of Microsoft, and award Microsoft its attorneys' fees pursuant to 35 U.S.C. § 285.

## GENERAL DENIAL

Microsoft denies infringement of any claim of the Asserted Patents, denies that any claims of the Asserted Patents are valid, and denies that Plaintiff is entitled to the relief requested or any other relief. Microsoft denies the allegations and characterizations in the Complaint unless expressly admitted above. Microsoft denies any allegations that may be implied or inferred from the headings contained in the Complaint. Any admitted factual allegation is admitted only as to the specific admitted fact(s), and not as to any purported conclusion, characterization, implication, or speculation that may follow from the fact(s) as admitted.

## MICROSOFT'S AFFIRMATIVE AND OTHER DEFENSES

Microsoft asserts the following defenses in response to the allegations in Plaintiff's Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. Microsoft reserves the right to

assert any additional defenses as they become known during the course of this action.

**FIRST DEFENSE: Non-Infringement**

Microsoft does not infringe and has not infringed, directly, indirectly, contributorily, or by inducement, either literally or under the doctrine of equivalents, or otherwise, any valid and enforceable claim of the Asserted Patents.

**SECOND DEFENSE: Patent Invalidity**

Plaintiff's purported claims for infringement of the Asserted Patents are barred because every claim of the Asserted Patents is invalid and/or unenforceable for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability specified in 35 U.S.C. §§ 101, 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.

The Asserted Claims of the '642 patent fail to meet the conditions of patentability and/or otherwise fail to comply with one or more provisions of 35 U.S.C. §§ 101 et seq., including but not limited to §§ 101, 102, 103, and/or 112. By way of non-limiting example, representative claim 10 of the '642 patent is directed to patent-ineligible subject matter as claiming the abstract idea of substitution in mathematics with a field of use limitation. Furthermore, based on the infringement allegations in the Complaint, claim 10 and any other Asserted Claims of the '642 patent are also anticipated and rendered obvious by prior art, including U.S. Patent No. 11,423,116 ("the '116 patent").

One or more claims of the '258 patent fail to meet the conditions of patentability and/or otherwise fail to comply with one or more provisions of 35 U.S.C. §§ 101 et seq., including but not limited to §§ 101, 102, 103, and/or 112. By way of non-limiting example, representative claim 20 of the '258 patent is directed to patent-ineligible subject matter as claiming the abstract idea of substitution in mathematics with a field of use limitation. Furthermore, based on the infringement allegations in the Complaint, claim 20 and any other Asserted Claims of the '258 patent are also

anticipated and rendered obvious by prior art, including the ’116 patent.

**THIRD DEFENSE: Prosecution History Estoppel**

Plaintiff is estopped, by reason of amendments, representations, statements, and admissions made during prosecution of the applications leading to the Asserted Patents, from construing the claims of the Asserted Patents so broadly as to cover any Microsoft products or methods alleged to infringe. Moreover, Plaintiff is ensnaring the prior art with its infringement allegations.

**FOURTH DEFENSE: Limitations on Damages and Other Relief**

Plaintiff’s claims for damages are limited by 35 U.S.C. §§ 286, 287, and 288, as well as 28 U.S.C. § 1498. Plaintiff may not recover damages for any period before the issuance of each Asserted Patent, nor from sales to the U.S. government.

**FIFTH DEFENSE: No Willful Infringement or Exceptional Case**

Microsoft has not willfully infringed any claim of the Asserted Patents, and Plaintiff is not entitled to enhanced damages under 35 U.S.C. § 284. Plaintiff’s claims also do not show an exceptional case under 35 U.S.C. § 285, and Plaintiff is not entitled to attorneys’ fees, costs, or any other relief on that basis or pursuant to the Court’s inherent authority.

**SIXTH DEFENSE: Failure to State a Claim**

The Complaint fails to state a claim upon which relief can be granted. The Complaint does not plausibly allege that Microsoft had knowledge of either Asserted Patent before this action was filed, that Microsoft specifically intended any third party to infringe, or that Microsoft engaged in any egregious conduct, and therefore fails to state a claim for indirect and willful infringement.

**SEVENTH DEFENSE: Unavailability of Injunctive Relief**

Plaintiff has an adequate remedy at law, and no basis exists for a grant of injunctive or other equitable relief.

## RESERVATION OF ALL AFFIRMATIVE DEFENSES

Microsoft reserves all affirmative defenses available under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and all other defenses, whether at law or in equity, which may now exist or in the future be available based on discovery and further investigation of the case.

## DEMAND FOR JURY TRIAL

Microsoft hereby requests a trial by jury, pursuant to Rule 38 of the Federal Rules of Civil Procedure, on all issues so triable raised in the pleadings.

DATED: November 19, 2026

Respectfully submitted,

*/s/ Melissa R. Smith*

Jason W. Wolff (Lead Counsel)
California Bar No. 215819
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Suite 400
San Diego, CA 92130
E-mail: wolff@fr.com
Tel: (858) 678-5070
Fax: (858) 678-5099

John S. Goetz
New York Bar No. 4295366
Mohammad R. Kameli
New York Bar No. 6026231
**FISH & RICHARDSON P.C.**
7 Times Square, 20th Floor
New York, NY 10036
E-mail: Goetz@fr.com
Kameli@fr.com
Telephone: (212) 765-5070
Facsimile: (212) 258-2291

Melissa R. Smith
Texas State Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Tel: (903) 934-8450
Fax: (903) 934-9257
E-mail: melissa@gillamsmithlaw.com

*Attorneys for Defendant*
*Microsoft Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on November 19, 2026. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Melissa R. Smith*
Melissa R. Smith